appeal granted, with ten dollars costs.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

JENNIE KRAUSSMAN v. HAROLD W. KRAUSSMAN.— Motion granted.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

LOUIS LAZARUS v. WALTER READE and Another.— Motion denied, with ten dollars costs.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

DIANA DANE DRESSES, INC., v. SAMUEL LIPSCHITZ and Another.— Motion granted.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

ISIDORE SCHEINBERG and Others v. BEATRICE SCHEINBERG and Another.— Motion denied, with ten dollars costs.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

ISIDORE SCHEINBERG and Others v. BEATRICE SCHEINBERG and Another.— Motion granted so far as to direct that the costs of the reference be taxed against plaintiffs and in other respects denied, and the report of the referee affirmed to the extent indicated in the order.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

ISIDORE SCHEINBERG and Others v. BEATRICE SCHEINBERG and Another.— Motion denied, with ten dollars costs.   Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.

---

## SECOND DEPARTMENT, MAY, 1927.

N. R. S. REALTY CORPORATION, Respondent, *v.* BERNARD S. FORMAN, INC., and Another, Appellants.   (Action No. 2.)

*Vendor and purchaser — action by purchaser — finding that vendor did not present check for certification is not supported by evidence — no evidence of conspiracy in conveyance to third person.*

Separate appeals by defendants from a judgment of the Supreme Court, entered in the Queens county clerk's office on December 7, 1926, upon the decision of the court at Special Term, directing specific performance by defendant Bernard S. Forman, Inc., vendor, of a contract for the sale of real property, and declaring void a deed of said property executed by said appellant vendor to the codefendant appellant Rheuban.

PER CURIAM.   We are of opinion that the refusal of the learned justice to find that the check for $1,000 down payment was presented to the bank on September 8, 1925, and that payment or certification was refused because of insufficient funds, was contrary to the evidence, and that the fact should be found as requested by defendant.   The criticisms on this refusal to find in the opinion in *N. R. S. Realty Corporation* v. *Forman, Inc.*, *No. 1* (ante, p. 591), decided herewith, apply to this case.   We are also of opinion that the findings of conspiracy in the making of the deed to appellant Rheuban are not supported by the evidence, for the reasons stated in the other case.   In our opinion the defendants' motion to dismiss for failure to make out a case, made at the end of the testimony, should have been granted.   The judgment should be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs, without prejudice.